UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

YOLANDA AGENE MONTGOMERY,

               Plaintiff,

      v.

CAROLYN W. COLVIN, Acting
Commissioner of the Social Security
Administration,

               Defendant.

CASE NO. 13-cv-05569 JRC

ORDER ON PLAINTIFF'S
COMPLAINT

This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and

Local Magistrate Judge Rule MJR 13 (*see also* Notice of Initial Assignment to a U.S.

Magistrate Judge and Consent Form, ECF No. 4; Consent to Proceed Before a United

States Magistrate Judge, ECF No. 6). This matter has been fully briefed (*see* ECF Nos.

12, 13, 14).

After considering and reviewing the record, the Court finds that the ALJ did not

provide specific and legitimate reasons for failing to credit fully a medical source opinion

by concluding that the opinion is not supported by "the complete range of the objective medical evidence." Similarly, the ALJ's adoption of an opinion of a doctor about a different patient does not provide substantial support for the ALJ's RFC finding and provides an additional reason as to why the medical evidence should be evaluated anew.

Therefore, this matter is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings.

BACKGROUND

Plaintiff, YOLANDA MONTGOMERY, was born in 1967 and was 40 years old on the alleged date of disability onset of May 15, 2008 (*see* Tr. 140-43). Plaintiff did not graduate from high school, but did get her GED.   Plaintiff has past work experience as a care provider, cocktail waitress and assembly line worker (Tr. 170-81).  Plaintiff last worked for a temporary service doing security work but quit when the pain in her knee became unbearable (Tr. 37).

At the time of the hearing, plaintiff was living with her grandmother, aunt and six-year-old niece (Tr. 38).

Plaintiff has at least the severe impairments of "osteoarthritis and degenerative joint disease of the right knee, fibromyalgia, and obesity (20 CFR 416.920(c))" (Tr. 22).

PROCEDURAL HISTORY

On July 6, 2010, plaintiff filed an application for Supplemental Security Income ("SSI") benefits pursuant to 42 U.S.C. § 1382a (Title XVI) of the Social Security Act (*see* Tr. 140-43). The application was denied initially and following reconsideration (Tr. 58-63, 64-77). Plaintiff's requested hearing was held before Administrative Law Judge

Cynthia Rosa ("the ALJ") on September 1, 2011 (*see* Tr. 32-57). On September 23, 2011, the ALJ issued a written decision in which she concluded that plaintiff was not disabled pursuant to the Social Security Act (*see* Tr. 17-31).

On May 30, 2013, the Appeals Council denied plaintiff's request for review, making the written decision by the ALJ the final agency decision subject to judicial review (Tr. 1-6). *See* 20 C.F.R. § 404.981. Plaintiff filed a complaint in this Court seeking judicial review of the ALJ's written decision in July, 2013 (*see* ECF Nos. 1, 3). Defendant filed the sealed administrative record regarding this matter ("Tr.") on September 23, 2013 (*see* ECF Nos. 9, 10).

In plaintiff's Opening Brief, plaintiff raises the following issues: (1) Whether or not the ALJ improperly rejected probative medical source opinions; (2) Whether or not the ALJ failed to provide germane reasons for rejecting lay testimony; (3) Whether or not the ALJ improperly evaluated the medical evidence when assessing residual functional capacity; and (4) Whether or not the ALJ improperly assessed plaintiff's credibility (*see* ECF No. 12, p. 1).

STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)). "Substantial evidence" is more than a scintilla, less than a preponderance, and is such "'relevant evidence as a reasonable mind might accept as adequate to support a

1  conclusion.'" *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989) (*quoting Davis v.*

2  *Heckler*, 868 F.2d 323, 325-26 (9th Cir. 1989)).

3  <u>DISCUSSION</u>

4  **(1) Whether or not the ALJ improperly rejected probative medical source opinions.**

5  

6  **a.  Dr. James L. Roscetti, examining physician**

7  Dr. Roscetti examined plaintiff on January 4, 2011 (*see* Tr. 402-05). He provided

8  his opinion regarding plaintiff's impairments and limitations (*see id.*). For example, he

9  assessed that plaintiff's severe osteoarthritis of the right knee and her fibromyalgia

10  resulted in marked limitations, or very significant interference, with plaintiff's ability to

11  sit, stand, walk and lift (*see* Tr. 404). He also indicated that her fibromyalgia additionally

12  resulted in marked limitation in plaintiff's ability to carry (*id.*). When asked to opine on

13  plaintiff's overall work level, and offered choices between work defined as "heavy,"

14  "medium," "light" or "sedentary" or was "severely limited," he opined that plaintiff was

15  severely limited, more limited than those limited to sedentary work, and "unable to lift at

16  least 2 pounds or unable to stand and/or walk" (*id.*).

17  

18  The ALJ rejected the opinion of Dr. Roscetti in part by noting that "he only saw

19  the claimant on one occasion" (Tr. 26). However, the ALJ rejected Dr. Roscetti's opinion

20  in favor of an opinion from Dr. Katarina L. Higgins, Psy.D., who also examined plaintiff

21  only on one occasion (*see id.*; *see also* Tr. 406-11). Therefore, in such a context, it is not

22  a legitimate reason to give little weight to Dr. Roscetti's opinion and great weight to the

23  opinion of one-time examining doctor, Dr. Higgins (*see* Tr. 26, 406-11).

24

The ALJ also failed to credit fully the opinions of Dr. Roscetti with a general finding that "the complete range of the objective medical evidence does not support the severity of limitations he found" (*see* Tr. 26).  With regard to this finding, plaintiff notes as follows:

> Most importantly, the ALJ decision does not clearly explain or contain support for her determination that "the complete range of the objective medical evidence does not support the limitations that [Dr. Roscetti] found." [According to the Ninth Circuit,] "To say that medical opinions are not supported by sufficient objective findings or are contrary to the preponderant conclusions mandated by the objective conclusions does not achieve the level of specificity our cases have required, even when the objective factors are listed seriatim." *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988). The ALJ may not merely state her conclusions rather, she must set forth her "own interpretations and explain why they, rather than the doctors' are correct." *Reddick v. Chater,* 157 F.3d 715, 725 (9th Cir. 1998). The ALJ selectively cited to only a few medical records, and even with respect to the records cited, the ALJ did not explain how they were inconsistent with Dr. Roscetti's opinion. Therefore, the ALJ failed to meet her burden of providing specific and legitimate reasons for rejecting Dr. Roscetti's opinion.

(Opening Brief, ECF No. 12, p. 5).

The Court finds plaintiff's argument persuasive.  Based on the relevant record and for the reasons stated, the Court concludes that the ALJ's finding that "the complete range of the objective medical evidence does not support the severity of limitations [Dr. Roscetti] found" is not a specific and legitimate reason based on substantial evidence in the record as a whole for failing to credit fully Dr. Roscetti's opinions (*see* Tr. 26). *See Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1996) (Even if a treating or examining physician's opinion is contradicted, that opinion can be rejected only "for specific and legitimate reasons that are supported by substantial evidence in the record") (*citing*

*Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)).

Although defendant additionally offers a reason not provided by the ALJ, according to the Ninth Circuit, "[l]ong-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and actual findings offered by the ALJ - - not *post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking." *Bray v. Comm'r of SSA*, 554 F.3d 1219, 1225-26 (9th Cir. 2009) (*citing SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947) (other citation omitted)); *see also Molina v. Astrue*, 674 F.3d 1104, 1121 (9th Cir. 2012) ("we may not uphold an agency's decision on a ground not actually relied on by the agency") (*citing Chenery Corp, supra*, 332 U.S. at 196).

The Court concludes that the ALJ's findings regarding the medical opinion evidence provided by Dr. Roscetti are not based on substantial evidence in the record as a whole.

In addition, this error is not harmless. The Ninth Circuit has "recognized that harmless error principles apply in the Social Security Act context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (*citing Stout v. Commissioner*, *Social Security Administration*, 454 F.3d 1050, 1054 (9th Cir. 2006) (collecting cases)). The court also noted that the Ninth Circuit has "adhered to the general principle that an ALJ's error is harmless where it is 'inconsequential to the ultimate nondisability determination.'" *Id.* (*quoting Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008)) (other citations omitted). The court noted the necessity to follow the rule that courts must

review cases "'without regard to errors' that do not affect the parties' 'substantial rights.'" *Id.* at 1118 (*quoting Shinseki v. Sanders*, 556 U.S. 396, 407 (2009) (*quoting* 28 U.S.C. § 2111) (codification of the harmless error rule)).

Here, demonstrating harm, Dr. Roscetti opined that plaintiff was more limited than simply a limitation to sedentary work could accommodate (*see* Tr. 404). As noted by plaintiff, the objective medical evidence provides support for his opinions (*see* Opening Brief, ECF No. 12, pp. 5-6 (*citing, e.g.,* Tr. 249, 297, 379-84, 388-89, 398-401)).

In addition, as argued by plaintiff, Dr. Roscetti's opinion is consistent with the opinion of Nurse Kimberly Troy-Sales, ARNP, who provided two years of treatment for plaintiff and whose opinions were not discussed by the ALJ (*see id.*, p. 8). The ALJ dismissed her opinion by simply stating "Ms. Troy-Sales is not an acceptable medical source and, therefore, her opinion and reports are given consideration accordingly" (Tr. 26).  That's it.

The Court finds persuasive plaintiff's argument that the opinion of Nurse Troy-Sales is significant, probative evidence that the ALJ erred in failing to discuss "because she was [plaintiff's] primary medical provider who treated [plaintiff] for over two years and because her opinion was consistent with all other physical opinion evidence. Similar to Dr. Roscetti, Nurse Troy-Sales opined that [plaintiff] was unable to sustain even sedentary work activity" (Reply, ECF No. 14, p. 4 (*citing id.*; Tr. 310-11, 340)).

According to the Social Security Administration, opinions from other medical sources, "who are not technically deemed 'acceptable medical sources' under our rules, are important, and should be evaluated on key issues such as impairment severity and

1  functional effects." SSR 06-03p, 2006 SSR LEXIS 5 at *8. Evidence from "other

2  medical" sources, that is, lay evidence, can demonstrate "the severity of the individual's

3  impairment(s) and how it affects the individual's ability to function." *Id.* at *4. The ALJ's

4  failure to discuss this evidence not only constitutes a separate ground for reversal, but

5  also demonstrates that the error with regard to the ALJ's evaluation of Dr. Roscetti's

6  opinion is not harmless.

7      Based on the relevant record, the Court concludes that this matter shall be reversed

8  and remanded for further consideration.

9
### b.  Dr. John H. Bargren, M.D., examining doctor

10     The ALJ included the following in her written decision:

11
12     Dr. Bargren, an orthopedist, told the claimant to participate in full
       activity, exercise and lose weight (internal citation to Exhibit 10F/4).
13     While not a specific opinion on the claimant's ability to work, it does
       indicate that he believes she is capable of doing performing (sic) full
14     activity and completing exercises. Great weight is given to Dr. Bargren's
       opinion because he is a specialist in orthopedics and he is a treating
15     physician who had the opportunity to examine the claimant.

16  (Tr. 26).

17     However, a review of the relevant treatment record of Dr. Bargren cited by the

18  ALJ reveals that this treatment note does not refer to plaintiff, and appears to be a

19  treatment note from a different patient's treatment record (*see* Tr. 450). This cited

20  treatment note indicates that it is in reference to a "63-old woman [] in for followup of

21  her right shoulder.  She had a massive rotator cuff tear that we repaired" (*id.*). However,

22  this page, the page preceding this page, and the page subsequent to this page all refer to

23  plaintiff accurately as "a 43-year-old female" (*see* Tr. 449-51). Also, Dr. Bargren treated

24

plaintiff on one occasion "for a cortisone shot in her right knee" and on the other

occasions sought treatment "with complaints of right knee pain for the last 10 to 15 years

. . . ." (*id*). The Court notes that plaintiff has no history of right shoulder rotator cuff

repair (*see* plaintiff's reply brief, ECF No. 14, pages1-2).  Dr. Bargren's notation is

obviously in reference to another patient – not plaintiff.  Therefore, the ALJ's reliance on

this report is also error.

> **(2)** **Whether or not the ALJ failed to provide germane reasons for rejecting lay testimony.**

The Court has discussed the lay testimony provided by Nurse Troy-Sales already,

*see supra*, section 1. As indicated, this error, too, should be corrected following remand.

> **(3)** **Whether or not the ALJ improperly evaluated the medical evidence when assessing residual functional capacity ("RFC").**

The Court already has concluded that the medical evidence should be evaluated

anew following remand of this matter, as should the lay evidence provided by other

medical sources, *see supra*, section 1. Therefore, by necessity, the RFC shall be

determined anew following remand of this matter.

> **(4)** **Whether or not the ALJ improperly assessed plaintiff's credibility.**

The Court already has concluded that the ALJ erred in reviewing the medical

evidence and that this matter should be reversed and remanded for further consideration,

*see supra*, section 1. In addition, a determination of a claimant's credibility relies in part

on the assessment of the medical evidence. *See* 20 C.F.R. § 404.1529(c). Therefore,

plaintiff's credibility should be assessed anew following remand of this matter.

1

CONCLUSION

2

Based on the stated reasons and the relevant record, the Court **ORDERS** that this

3

matter be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. §

4

405(g) to the Acting Commissioner for further consideration.

5

The medical evidence, lay evidence, plaintiff's credibility and the RFC should be

6

assessed anew.

7

**JUDGMENT** should be for plaintiff and the case should be closed.

8

Dated this 30th day of April, 2014.

9

10

11

J. Richard Creatura
United States Magistrate Judge

12

13

14

15

16

17

18

19

20

21

22

23

24